```
 1              UNITED STATES COURT OF APPEALS
 2                  FOR THE SECOND CIRCUIT
 3
 4                          ORDER
 5
 6      At a stated term of the United States Court of Appeals for
 7 the Second Circuit, held at the Thurgood Marshall United States
 8 Courthouse, at Foley Square, in the City of New York, on the 18
 9 day of July, two thousand and five.
10
11 PRESENT:
12
13      Hon. John M. Walker, Jr.,
14               Chief Judge,
15      Hon. Pierre N. Leval,
16      Hon. Robert A. Katzmann,
17               Circuit Judges.
18
19 ------------------------------------------------------X
20
21 UNITED STATES OF AMERICA,
22                           Appellee,
23
24      v.
25                                  No. 02-1148(L), 03-1014(CON),
26                                  03-1408(CON)
27
28 KELVIN BURDEN, also known as Waffle, also known as Uncle, also
29 known as Unc, DAVID 4 BURDEN, also known as DMX, also known as X,
30 ANTHONY BURDEN, also known as Mackey, also known as Tony, WILLIE
31 PREZZIE, also known as Prez, also known as Dog, ANTHONY BUCHANAN,
32 also known as Jungle, TERRENCE THOMPSON, also known as Creed,
33 MICHAEL SAWYER, also known as Michael Moss, TERRA NIVENS, also
34 known as Stink, also known as Stinkfinger, FRANK KNIGHT, also
35 known as Ace, also known as Groovy, DWIGHT MASCHECK, also known
36 as Shorty, JERMAINE MARTIN, also known as Psycho, ANDRE
37 MCCLENDON, also known as Popsicle, MICHAEL GLENN, also known as
38 Rockafella, DAVID 17 BURDEN, also known as Quinten, also known as
39 Sid, JOSEPH DANIELS, also known as Digital, LAVON GODFREY, ALVIN
40 WHITE, also known as Uncle Lee, ANDRE DAWSON, also known as Yup
41 Yup, JAHOD NASH, also known as Hottie Jig, JEFFREY FREDERICKS,
42 also known as JL, also known as Dahmer, MARK CALDWELL, also known
43 as Sparks, KEVIN HAMLETTE, also known as Fresh, ERNEST EUGENE
44 WELDON, also known as Gene, also known as Mean Gene, also known
45 as Mean One, THOMAS HOLMAN, also known as Uno, ADAM SANDERS, also
46 known as AD, KENDAL MULLINS, also known as K-Nice, THOMAS FAGAN,
47 JOSEPH DARDEN, JEFFREY LOCKHART, LAMONT BROWN, also known as L,
```

CERTIFIED: 7-19-05

St. CLAIR BURDEN, also known as Gowser, also known as Boo Boo, also known as GP, CEDRIC BURDEN, also known as Sid, ANTONIO WILLIAMS, also known as LO LO, KEITH LYONS, also known as Papa Large, also known as Pops, BARNEY BURDEN, also known as Buddy, also known as Buddy Rock, also known as Rock, DEMETRIUS STORY, LESLIE WAYNE CARLOS, also known as Cheetah, and TODD SUMMERVILLE,

Defendants,

TERRENCE BOYD, JERMAINE BUCHANAN, also known as Ski, ANGEL CABRERA, also known as Cheeks, ROBERT JONES, also known as Swinger, and PATRICE ST. SURIN, also known as Patrick, also known as Watty Wat,

Defendants-Appellants.

------------------------------------------------------------X

By order entered October 15, 2004, this court granted the motion of Gerald E. Bodell, Appellant Terrence Boyd's counsel, to be relieved as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). This court also granted, by order entered that same day, the government's motion for summary affirmance.

In light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and this court's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), Appellant's right to request that the district court consider whether to resentence him presents a nonfrivolous issue for appeal. We therefore RESCIND this court's earlier order granting attorney Bodell's motion to be relieved as counsel and REINSTATE Bodell as Appellant's counsel.

We further REMAND Appellant Terrence Boyd's case to the district court for additional proceedings in conformity with Crosby. Should Boyd prefer that the district court not consider whether to resentence him pursuant to Crosby, Boyd may so inform the district court. In that event, the district court shall take no further action.

The disposition in the summary-affirmance order previously issued in connection with this appeal is hereby made part of this order and is fully effective, except to the extent that it is inconsistent with the present remand in conformity with Crosby.

Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal, as to which the filing fee will be waived. See Fed. R. App. P. 3, 4(b).

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

The mandate shall issue forthwith.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

Lucille Carr, Deputy Clerk