UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



2006 MAR 21  A 11: 57

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:00CR263(JCH) |
| | : | |
| versus | : | |
| | : | |
| **TERRANCE BOYD** | : | March 20, 2006 |

### MOTION IN SUPPORT OF RESENTENCING NUNC PRO TUNC

The undersigned counsel submits this motion in support of the re-sentencing of the Defendant pursuant to the dictates of United States v. Booker/ Fanfan.

The decision in United States v. Fanfan,. 543 U.S.___ (2005) at 2, make the Sentencing guidelines non-mandatory and "effectively advisory." Id. In fact the court in Fanfan directs that the lower courts "to consider guideline ranges ... but it permits the court to tailor the sentence in light of other statutory concerns as well." Id. The other statutory concerns are delineated in 18 U.S.C. 3553(a) (1) as the nature and circumstance of the offense and the history and circumstance of the defendant. Id. Further by excising the mandatory application of the guideline as stated in 18 U.S.C. 3553(b)(1), the remaining statutory provision regarding the imposition of a sentence is § 3553 (a)(1), which provides very broad criteria for courts to consider in imposing sentence. Accordingly, the sentence guidelines must be considered, however, so must the provisions of § 3553(a). U.S. v. Fanfan at 2. The Second Circuit has directed District Courts to determine if the pre-Booker sentence imposed upon a defendant would have been materially different if the sentencing guidelines were non-mandatory. United States v. Crosby, 397 F.3d 103, 117 (2d. Cir. 2005). If the District Court finds that the defendant's sentence would have

been materially different the District Court should re-sentence the defendant to reflect the proper sentence for the defendant.

It is Mr. Boyd's position that but for the mandatory nature of the sentencing guidelines at the time of his sentencing, he would have received a non-trival lower sentence. Firstly, had the guidelines been non-mandatory the undersigned counsel would have argued more strenuously regarding the defendant's horrendous childhood growing up in the drug and crime infested housing projects of Norwalk; his mother his severe drug addiction and the neglect Mr. Boyd suffered as a result of her crack addiction coupled with the fact that his father abandoned him at a very young age. In fact, the undersigned counsel specifically informed the Court that the departure arguments presented to the Court would have been different but for the mandatory nature of the sentencing guidelines at the time of Mr. Boyd's sentencing. See Transcript of sentencing hearing at pg. 29.

Secondly, while Mr. Boyd was a career offender as a result of his previous criminal history, but for the mandatory nature of the guidelines counsel for the undersigned would have argued that the career offender guideline was unnecessarily high due to the fact that it was driven by the crack cocaine guidelines and the inequitable disparity between how crack cocaine and powder cocaine are treated under the guidelines. Mr. Boyd was determined to be responsible for between 20 and 35 grams of crack cocaine and this placed him in a sentencing range of 5 to 40 years and therefore in the career offender range beginning at a level 34, with the further reduction for acceptance of responsibility putting the sentencing range at 188 to 235 months. However, if Mr. Boyd was involved with powder cocaine his career offender guideline would have begun at 32 and then the reduction for acceptance putting his sentencing range at 151 to

188 months. Thereby allowing the Court to consider this inequity as a factor in sentencing Mr. Boyd.

Lastly, had the guidelines been non-mandatory at the time of Mr. Boyd' sentencing the Court may have been more receptive to impose a materially lower sentence on Mr. Boyd based upon the over-representation of his criminal history. The majority of the sentencing hearing was spent on the Mishue argument. As the undersigned counsel was making the Mishue argument the Court was obviously struggling with Mr. Boyd's criminal history, ultimately determining that it could not find a downward departure was warranted. Sent. Transcript pgs. 34, 35, 36. But the Court also was receptive to counsel's arguments in favor of a Mishue type departure. First, on page 17 of the sentencing transcript the Court expresses some sympathy for Mr. Boyd, albeit in the context of the facts of a robbery conviction. Second, undersigned counsel argues that the majority of Mr. Boyd's criminal history points are earned before his 21st birthday and the Court state's that that is a strong argument in favor of a departure. Sent Transcript at 20. Third, at the beginning of the Government attorney's argument the Court begins by rhetorically asking "do you think we really need 235 months to deter this defendant?" Id at 26. The court is also weighing Mr. Boyd's moving to Springfield, Mass., for three years in an attempt to leave the drug life behind in Norwalk. Id at 27. All of these factors may not have warranted a Mishue type departure but they certainly are factors that lead one to think that had the Court not been restrained by the guidelines and supporting case law the Court may have acted differently when imposing sentence upon Mr. Boyd.

CONCLUSION

The Court must allow a new sentencing hearing for Mr. Boyd. In considering whether the Court would have acted differently in sentencing Mr. Boyd, the question is how does the

Court know how it would sentence Mr. Boyd if the guidelines were non-mandatory. One thing that is impossible to gauge at this point is how the undersigned counsel would have presented arguments to the Court if the sentencing took place yesterday. Would there have been additionally arguments in favor of a lower sentence, would certain arguments been argued with less emphasis or would they have been argued more strenuously? These are all unknowns; but one thing is certain, the arguments presented to the Court would have much different. Under Chapter five of the guidelines many reasonable arguments were excluded from the Court's consideration because the facts supporting the possible arguments were not of an extraordinary nature.

The next question that must be asked, and is impossible to know; is how the Court would have reacted to these arguments had they been made to the Court? How the Court would have weighed the arguments by counsel if the arguments were presented and argued in a different manner. What we can be sure of is that because of the mandatory nature of the guidelines at the time of Mr. Boyd's sentencing the Court sentenced Mr. Boyd on less than completely developed factual and legal arguments. The argument would have been what is a reasonable sentence for Mr. Boyd's after the Court's weighing the factual history of his childhood, his education, his family background, his criminal history and the facts of his criminal activity in this case. All of these arguments would have been presented to the Court in a different manner if he were sentenced under the new sentencing sceme. So the question is, how could the Court know it would have imposed a non-trivially different sentence upon Mr. Boyd when the Court is basing this decision on an incomplete record?

Respectfully submitted,
TERRANCE BOYD

By: _____
Francis L. O'Reilly, Esq.
O'Reilly & Shaw, LLC
87 Ruane Street
Fairfield, CT 06430
TEL: (203) 319-0707
FAX: (203) 319-0128
Fed. Bar. No. CT17505

## CERTIFICATION

I hereby certify that a copy of the foregoing motion was mailed on this 20th day of May 2006, to:

Paul Murphy, Esq.
Assistant U.S. Attorney
United States Attorney's Office
915 Lafayette Blvd.
Bridgeport, CT 06601

_____
Francis L. O'Reilly