UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL NO. |
| v. | :    3-00-cr-263 (JCH) |
| | : |
| TERRENCE BOYD | :    MAY 3, 2006 |

**RULING RE: RESENTENCING [Doc. No. 1790]**

By Order filed July 19, 2005 [Doc. No. 1759], the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . . ." Id. at 117. Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless. However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on October 25, 2005 [Doc. No. 1763] that the parties file written submissions on the question of whether this court

would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a). In response to that Order, the government and the defendant each filed a Memorandum, (see Doc. Nos. 1764 and 1790).

The court is familiar with the Booker and Crosby decisions. The court has reviewed the Pre-Sentence Report, the sentencing transcript, and the two memoranda and material submitted post-remand. Finally, the court is familiar with the factors set forth at 18 U.S.C. §3553(a).

Terrence Boyd was originally sentenced principally to 188 months imprisonment upon his conviction after entry of a guilty plea to the crime of possession with intent to distribute 5 grams or more of cocaine base. The court concludes that a re-sentencing is not called for. In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Boyd to the same sentence it did, including the 188 months of imprisonment.

The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of 188 to 235 months. While considering all of the §3553(a) factors, the court is particularly informed in this case by the need to protect the public and for deterrence. Mr. Boyd's criminal history, as discussed in detail at the sentencing hearing, reflects a defendant who has not been deterred by a series of sentences, generally increasing in length. Further, his history involves one crime involving a firearm. The crime he was convicted of in this court is a serious crime and a substantial sentence is appropriate, not only to promote

respect for the law, but to protect the public from further crimes by the defendant and to deter the defendant.

After consideration of all of the §3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the pre-sentence report and the recently filed Memoranda, it is this court's conclusion that there is no reason to order a re-sentencing in this case because, if one were ordered, the sentence would be the same as that previously imposed.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of May, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge