UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:00CR263(JCH) |
| | : | |
| v. | : | |
| | : | |
| TERRANCE BOYD | : | JULY 14, 2008 |

**GOVERNMENT'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE:
SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)**

On or about April 21, 2008, the Court issued an Order directing the government to submit a brief, on or before July 21, 2008, addressing whether the defendant qualifies for a reduction of his sentence under the new crack Guidelines, pursuant to 18 U.S.C. § 3582(c)(2) and 994(u), as well as Amendment 706 to the United States Sentencing Guidelines.

In its Order to Show Cause, the Court stated that it had reviewed a supplemental Presentence Report prepared by the Probation Office suggesting that the defendant is not eligible for a sentence reduction because the defendant's guideline range was not driven by crack quantity, but rather his status as a career offender. The government agrees that the defendant is not eligible for a reduction in his sentence.

Specifically, for the reasons stated herein, the Court should not issue an amended judgment or alter the defendant's incarceration term. In this case, the defendant was a career offender and the guideline range was not governed at all by the crack cocaine guidelines provided for under U.S.S.G. § 2D1.1. Thus, the defendant does not benefit at all from the November 1, 2007 amendments to that guideline section. Because the defendant was sentenced as a career offender, the November 1, 2007 amendments to the crack cocaine guidelines do not alter or affect his guideline range and he is not eligible for a reduction in his sentence.

As set forth below, however, the defendant currently has an appeal pending before the Second Circuit, which is post-argument, awaiting decision. The government respectfully submits that the question of the defendant's eligibility for a reduction in his sentence is premature as this case is on direct appeal and therefore the Court is without jurisdiction to decide it. Accordingly, the government respectfully submits that this Court should refrain from deciding the question whether the defendant qualifies for a reduction of his sentence under the new crack Guidelines, until the defendant's appeal is resolved. According to the United States Bureau of Prisons, the defendant's estimated release date is currently September 15, 2014, so the defendant should not be prejudiced by holding off on deciding the defendant's eligibility for a sentence reduction until the defendant's direct appeal is resolved.

## I.   BACKGROUND

Terrance Boyd was charged in the Second Superseding Indictment in the <u>Burden</u> case, which was returned by a federal grand jury on July 19, 2001. The indictment charged Boyd with conspiring to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. The indictment also charged that, on February 29, 2000 and March 9, 2000, Boyd possessed with intent to distribute and distributed five (5) grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.

On November 9, 2001, Boyd pled guilty to Count Three of the Second Superseding Indictment, which charged him with knowingly and intentionally possessing with intent to distribute, and distributing, five grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B), and 18 U.S.C. § 2. Pursuant to his written plea agreement, Boyd stipulated to his status as a career offender, and to

the applicable Guideline range of 188-235 months imprisonment.

During sentencing proceedings on February 6, 2002, the Court adopted the factual findings of the PSR, and determined that, under U.S.S.G. § 4B1.1, the defendant's total offense level was 31, his criminal history category ("CHC") was VI, and his resulting Guideline range was 188-235 months' imprisonment. The defendant moved for both a horizontal and vertical downward departure pursuant to *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), and *United States v. Rivers*, 50 F.3d 1126 (2d Cir. 1995). The Court however, declined to depart from the Guideline range and imposed a sentence of 188 months' incarceration – the low end of the applicable and agreed upon Guidelines range – to be followed by five years of supervised release. In imposing sentence, the Court noted, among other things, the 18 U.S.C. § 3553(a) factors, the offense conduct, Boyd's personal circumstances, the need to deter similar crimes in the future, and his pattern of recidivism after being released from incarceration, as well as Boyd's extensive criminal history, which included three convictions for drug crimes and two for robbery, one of which involved a firearm.

On July 18, 2005, the Second Circuit remanded Boyd's appeal to the district court pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). In a three-page written ruling entered on May 4, 2006, the Court held that re-sentencing was unnecessary because "had [the court] known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Boyd to the same sentence it did, including the 188 months of imprisonment." The Court further noted that Boyd's criminal history "reflect[ed] a defendant who ha[d] not been deterred by a series of sentences, generally increasing in length" and "involve[d] one crime involving a firearm." *See* [Doc. 1793].

3

On or about May 12, 2006, Boyd took an appeal from the district court's decision declining to re-sentence him pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). That appeal, which was consolidated with that of the Burden trial defendants, was argued before the Second Circuit on May 9, 2008. The appeal remains pending, awaiting a ruling. *See United States v. Boyd, et al*, 03-1727 (2d Cir.).

## II.  DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines set forth in U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[1] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

requires a statutory mandatory minimum sentence of five years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.

### III.    ARGUMENT

#### A.    The Court Should Refrain from Deciding the Question Until the Defendant's Appeal is Resolved.

As noted above, the defendant has an appeal pending, which challenges the district court's decision declining to re-sentence him pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  Boyd's appeal, which was consolidated with that of the Burden trial defendants, was argued before the Second Circuit on May 9, 2008.  During oral argument, the question of which defendants on appeal might be eligible for a remand for resentencing – either under the new crack sentencing guidelines or under *United States v. Regalado*, 518 F.3d 143 (2d Cir. 2008) – also arose.  The appeal remains pending, awaiting a ruling.  *See United States v. Boyd, et al*, 03-1727 (2d Cir.).

As a general matter, the filing of a notice of appeal confers jurisdiction over the matter in the court of appeals and divests the district court over the aspects of the case that are involved in the appeal. *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996). A district court does not generally regain that jurisdiction until the appeal has been determined and the mandate has been issued by the Court of Appeals. *United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988). This rule of divestiture of jurisdiction was judicially developed in the interests of judicial economy and intended "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989). *Accord*, *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (district court lacks jurisdiction to correct sentence when case is on direct appeal); *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987) (same).

As the defendant's appeal from the district court's decision declining to re-sentence him pursuant to *Crosby* remains pending, the government respectfully submits that the Court is currently without jurisdiction to address the question of the defendant's eligibility for a sentence reduction. It is not in the interests of judicial economy for this court to be entertaining the question of the defendant's eligibility for a reduction in sentence at the same time that the appellate court is reviewing, among other issues, the reasonableness of his sentence.

Accordingly, the government respectfully requests that the Court refrain from deciding the issue of the defendant's eligibility for a sentence reduction until the defendant's appeal is resolved. According to the United States Bureau of Prisons, the defendant's estimated release date is currently September 15, 2014, so the defendant should not be prejudiced by any delay from awaiting the resolution of the defendant's direct appeal.

### B. The Defendant is Not Eligible for a Reduction in his Sentence Because his Guideline Range was Determined Based on his Status as a Career Offender.

In any event, the defendant is not eligible for a reduction in his sentence because his guideline range was determined based on his status as a career offender.

Indeed, in his written plea agreement, Boyd *stipulated* to his status as a career offender, and to the applicable Guideline range of 188-235 months imprisonment. During sentencing proceedings on February 6, 2002, this Court similarly concluded that the defendant was a career offender. The Court adopted the factual findings of the PSR, and determined that, under § 4B1.1, the defendant's total offense level was 31, his criminal history category ("CHC") was VI, and his resulting Guideline range was 188-235 months' imprisonment. The Court imposed a sentence of 188 months' incarceration – the low end of the applicable and agreed upon Guidelines range – to be followed by five years of supervised release.

The defendant therefore cannot gain any relief under 18 U.S.C. § 3582(c) because his guideline range at sentencing was governed, not by the quantity of cocaine base involved in his offense, but by his career offender designation. The career offender provision is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection

(a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2)* if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *Cf, e.g., United States v. Ogman*, No. 06-0203-cr, 2008 WL 925320 (2d Cir. Apr. 7, 2008) (remand for resentencing for possession with intent to distribute cocaine base and for conspiracy to possess cocaine with intent to distribute was not warranted where guidelines range applied to defendant's case was not result of crack ratio, but rather from defendant's status as career offender); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion,

8

where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

**III.   CONCLUSION**

For the reasons stated above, because the defendant was sentenced as a career offender, the November 1, 2007 amendments to the crack cocaine guidelines do not alter or affect his guideline range and accordingly, he is not eligible for a reduction in his sentence.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
(203) 821-3829 (fax)
Stephen.Reynolds@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant and his counsel identified below, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Terrance Boyd
No. 14066-014
FCI Allenwood Medium
Federal Correctional Institution
P. O. Box 2000
White Deer, Pennsylvania  17887

Francis L. O'Reilly
O'Reilly & Shaw LLC
167 Old Post Road
Southport, Connecticut 06890
(203) 319-0707
(203) 319-0128 (fax)
attflor@aol.com

Michael P. Rafferty
U.S. Probation Officer
United States Probation Office
450 Main Street
Hartford, Connecticut  06103

  /s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY